No. 23-2686
_____

UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT
_____

HEIGHTS APARTMENTS, LLC,

Plaintiff – Appellant,

v.

TIM WALZ, in his official capacity as Governor of the State of Minnesota;
KEITH ELLISON, in his individual and his official capacity as Attorney General
of the State of Minnesota; and John Doe,

Defendants – Appellees.
_____

On Appeal from the United States District Court
for the District of Minnesota
Honorable Nancy Ellen Brasel, District Judge
_____

**APPELLANT'S REPLY BRIEF**
_____

J. DAVID BREEMER
Pacific Legal Foundation
555 Capitol Mall, Suite 1290
Sacramento, California 95814
Telephone: (916) 419-7111
JBreemer@pacificlegal.org

MICHAEL KEMP
Aaron Ferguson Law
2700 Snelling Avenue North
Suite 460
Roseville, Minnesota 55113
Telephone: (651) 493-0426
Michael@aaronfergusonlaw.com

*Attorneys for Plaintiff – Appellant Heights Apartments, LLC*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................... ii

INTRODUCTION ............................................................................................1

ARGUMENT ....................................................................................................2

    I.   THE OFFICIALS FAIL TO DEMONSTRATE THAT *REICH*'S DUE PROCESS ANALYSIS APPLIES TO TAKINGS CLAIMS ................2

        A.  The Officials Misrepresent *Reich* ..............................................2

        B.  *Reich* Is Inapposite to Takings Cases Because, Unlike the Due Process Tax Remedy, the Just Compensation Remedy Is Self-Executing in Federal Court ............................................4

    II.  THE OFFICIALS WAIVED THEIR CHALLENGE TO HEIGHTS' CAUSE OF ACTION .................................................7

CONCLUSION .................................................................................................8

CERTIFICATE OF COMPLIANCE .................................................................9

CERTIFICATE OF SERVICE .........................................................................10

CERTIFICATE THAT DOCUMENT IS VIRUS FREE ..................................11

Appellate Case: 23-2686   Page: 2   Date Filed: 11/20/2023 Entry ID: 5337018

# TABLE OF AUTHORITIES

## Cases

*Alden v. Maine*,
    527 U.S. 706 (1999) ................................................................................................ 3

*Armstrong v. United States*,
    364 U.S. 40 (1960) .................................................................................................. 6

*Barron ex rel. Tiernan v. Mayor of Baltimore*,
    32 U.S. (7 Pet.) 243 (1833) ..................................................................................... 5

*Chicago, B. & Q.R. Co. v. City of Chicago*,
    166 U.S. 226 (1897) ................................................................................................ 5

*First English Evangelical Lutheran Church of Glendale v. Los Angeles County*,
    482 U.S. 304 (1987) ................................................................................................ 5

*Knick v. Township of Scott*,
    139 S. Ct. 2162 (2019) ............................................................................................ 4

*Mississippi & Rum River Boom Co. v. Patterson*,
    98 U.S. (8 Otto) 403 (1878) .................................................................................... 1

*Reich v. Collins*,
    513 U.S. 106 (1994) ............................................................................................ 1, 4

*Vill. of Norwood v. Baker*,
    172 U.S. 269 (1898) ......................................................................................... 1–2, 6

*Wisconsin Cent. Ltd. v. Pub. Serv. Comm'n of Wisconsin*,
    95 F.3d 1359 (7th Cir. 1996) .................................................................................. 5

## Other Authorities

27 States. Cong. Globe, 39th Cong., 1st Session (1866) ............................................ 5–6

de Vattel, Emer, *The Law of Nations*, Book 1 (1758) ................................................... 6

# INTRODUCTION

In its Response Brief, Appellees (Officials) fail to bear their burden to demonstrate that sovereign immunity principles shield it from Appellant Heights Apartments' (Heights) claim for just compensation for the taking of its property. The Officials rely heavily on a few circuit decisions, which themselves rest on *Reich v. Collins*, 513 U.S. 106, 109–10 (1994), for the proposition that sovereign immunity bars takings claims. But *Reich* has no bearing on the issue of whether enactment of the Fourteenth Amendment carved out an exception to sovereign immunity in takings cases by applying the just compensation obligation to the states. Circuit decisions that rely on *Reich* to hold that sovereign immunity precludes takings claims seeking just compensation are wrong.

The concept of "just compensation" has always been a condition of the power to take property for public use—even for sovereign governments. *Mississippi & Rum River Boom Co. v. Patterson*, 98 U.S. (8 Otto) 403, 406 (1878) ("The right of eminent domain, that is, the right to take private property for public uses, appertains to every independent government. . . . [I]t is an attribute of sovereignty. The clause found in the Constitutions of the several States providing for just compensation for property taken is a mere limitation upon the exercise of the right."). The states, as sovereigns, can take property only on the condition that they pay for it. *See Vill. of Norwood v. Baker*, 172 U.S. 269, 277 (1898) ("It has been adjudged that the due

1

process of law prescribed by that [Fourteenth] amendment requires compensation to be made or secured to the owner when private property is taken by a state, or under its authority, for public use."). While the Supreme Court has not yet directly held that sovereign immunity does not cover takings claims seeking compensation, no other conclusion is doctrinally tenable. The Fourteenth Amendment applies the Just Compensation Clause and its damages payment requirement to states. Therefore, when the states enacted the Fourteenth Amendment, they consented to the just compensation condition on taking property.

## ARGUMENT

### I.

### THE OFFICIALS FAIL TO DEMONSTRATE THAT *REICH*'S DUE PROCESS ANALYSIS APPLIES TO TAKINGS CLAIMS

A.  **The Officials Misrepresent *Reich***

At bottom, the Officials' defense of the application of sovereign immunity to takings cases like this one rests wholly on the Due Process Clause analysis in *Reich*. The Officials rely on circuit cases that rest on *Reich*, Response at 9, and on *Reich* itself. But their arguments fail because they misconstrue *Reich* and fail to rebut Heights' objections to the application of *Reich* in takings cases. *Id.* at 10.

The deficiencies in the Officials' approach to *Reich* are apparent in their initial description of *Reich*. The Officials state: "[I]n *Reich v. Collins*, the Supreme Court explained that the Eleventh Amendment generally bars tax refund claims in federal

2

court *even though there is a self-executing right to a refund* under the Fourteenth Amendment." Response at 10 (emphasis added). This statement misleadingly implies that there is a self-executing due process tax refund remedy in *federal court* under the Fourteenth Amendment. This in turn primes one to think wrongly that the Due Process Clause is analogous to the Just Compensation Clause and that *Reich*'s analysis can apply to both clauses.

But the implied proposition in the Officials' description of *Reich* is false; there is no self-executing due process right to a tax refund in *federal* court. The constitutional right to seek a tax refund under the Due Process Clause applies only in *state* courts. *Alden v. Maine*, 527 U.S. 706, 740 (1999) (noting, in discussing *Reich*, that "due process requires *the State* to provide the remedy it has promised") (emphasis added; citation omitted).

Since the Due Process Clause supplies a self-executing damages remedy in state court, *Alden*, 527 U.S. at 740, sovereign immunity must yield in state court in tax refund cases, *id.* (explaining that sovereign immunity did not apply in *Reich* because "[t]he obligation" to pay damages in state court "arises from the Constitution itself"). But because the due process tax refund remedy is *not* self-executing in *federal court*, there is no basis to exempt tax refund claims from sovereign immunity in federal court. Thus, *Reich*'s sovereign immunity analysis is

3

defensible in the *due process* context. 513 U.S. at 109–10, but it does not resolve the tension between sovereign immunity and the Just Compensation Clause.

>    **B.**   ***Reich* Is Inapposite to Takings Cases Because, Unlike the Due Process Tax Remedy, the Just Compensation Remedy Is Self-Executing in Federal Court**

The Officials also mistakenly claim that Heights is arguing that *Knick* resolved the sovereign immunity/takings issue against immunity. Yet, this is another "red-herring" argument. Response at 11. Heights does not contend that *Knick* directly addressed or resolved any sovereign immunity issues. Heights argues instead that *Knick undercuts Reich* in the takings context by confirming that, unlike the Due Process Clause remedy in *Reich*, the just compensation remedy is self-executing in federal court. *Knick v. Township of Scott*, 139 S. Ct. 2162, 2170–73 (2019). *Knick* shattered the fiction that the *Reich* tax refund remedy and the just compensation remedy are analogous, which in turn renders *Reich* inapposite to the takings/sovereign immunity issue.

The Officials never squarely address this logic. That is, they never address the reality that the due process tax remedy is distinct from the just compensation remedy because the former is "self-executing" only in state court, while the latter is "self-executing" in federal court. They simply ignore this critical distinction and presume that takings and due process remedies are equivalent, thus justifying reliance on *Reich*'s due process sovereign immunity analysis to resolve the takings questions.

4

But *Knick* confirms that *Reich* is irrelevant to the takings/sovereign immunity issue in this case by confirming that due process and takings remedies are not similar.

Since *Reich* is inapposite, this Court must resolve the issue by reference to sovereign immunity and Just Compensation Clause precedent, rather than by reliance on *Reich*. As outlined in Appellant's Opening Brief, the precedent is clear that (1) the Just Compensation Clause gives takings plaintiffs a right to seek damages for an uncompensated taking, *First English Evangelical Lutheran Church of Glendale v. Los Angeles County*, 482 U.S. 304, 315 (1987) (A "landowner is entitled to bring an action" due to the "'the self-executing character of the constitutional provision with respect to compensation . . . .'"); *Wisconsin Cent. Ltd. v. Pub. Serv. Comm'n of Wisconsin*, 95 F.3d 1359, 1368 (7th Cir. 1996) (citing *First English*, 482 U.S. at 316 & n.9), and (2) states are bound by the Just Compensation Clause through the Fourteenth Amendment. *Chicago, B. & Q.R. Co. v. City of Chicago*, 166 U.S. 226 (1897).

Indeed, at the time of the enactment of the Fourteenth Amendment it was understood that it would subject states to the Takings Clause. For instance, when John Bingham, a principal drafter of the Fourteenth Amendment, defended the Amendment, he referred to the need to correct *Barron ex rel. Tiernan v. Mayor of Baltimore*, 32 U.S. (7 Pet.) 243 (1833), which held that States were not subject to the Takings Clause. 27 States. Cong. Globe, 39th Cong., 1st Session 1089–90 (1866);

*see also*, *id.* at 1090 ("[T]he people are without remedy. . . . [T]he State Legislatures may by direct violations of their duty and oaths avoid the requirements of the Constitution[.]"). Thus, one of the principal purposes of the Fourteenth Amendment was to enshrine the understanding that the states' sovereign power to take property was conditioned on just compensation. *See Vill. Of Norwood*, 172 U.S. at 277 ("[T]he due process of law prescribed by that amendment requires compensation to be made or secured to the owner when private property is taken by *a state*, or under its authority, for public use.") (emphasis added); *see generally*, Emer de Vattel, *The Law of Nations*, Book 1, ch. 20 § 244 (1758) ("If the sovereign disposes of the public property in virtue of his eminent domain, the alienation is valid, as having been made with sufficient powers. ¶ When, in case of necessity, he disposes in like manner of the possessions of a community, or an individual, the alienation will, for the same reason, be valid. But justice requires that this community, or this individual, be indemnified at the public charge[.]").

The Officials' belief that states are "immune" from a suit to recover compensation for a taking of property is diametrically opposed to the Fourteenth Amendment, the Supreme Court's takings precedent, and fundamental principles of fairness and justice. *Armstrong v. United States*, 364 U.S. 40, 49 (1960) (There is a "constitutional obligation to pay just compensation.").

6

## II.

## THE OFFICIALS WAIVED THEIR
## CHALLENGE TO HEIGHTS' CAUSE OF ACTION

The Officials' final argument is a new one: it contends that Heights cannot bring its takings claim directly under the Fifth Amendment. Response at 16–17. But the Officials did not raise this issue below, and the district court did not address it. The Officials have waived the issue and it is thus not properly before this Court on appeal.

The irony is that the Officials claim that Heights "forfeited" its claim arising "directly" under the Fifth Amendment by not more fully briefing whether such a claim is viable. But that is not how it works at the judgment on the pleadings stage. As the Officials concede, Heights properly pled a takings claim directly under the Constitution. Response at 16 ("Heights pleaded separate counts under the Fifth Amendment and § 1983[.]"). The Officials then had a chance to challenge Heights' direct cause of action in their two motions seeking dismissal, thus making it an issue below, but they did not do so. *See* R. Doc. 18 and R. Doc. 58. Due to this failure, the issue of the propriety of the direct cause of action was never considered in the district court. The issue is only coming up now because the Officials saw that the Supreme Court recently granted certiorari in a case questioning whether the Fifth Amendment provides a direct cause of action, and they suddenly realized that might provide a

7

defense in this case. *See* Response at 17 n.5. But it is too late. Since the issue was not presented or decided below, it is not present here.

## CONCLUSION

The Court should reverse and remand for further proceedings in the district court.

DATED: November 17, 2023.

Respectfully submitted,
J. DAVID BREEMER
MICHAEL KEMP

/s/ J. David Breemer
J. DAVID BREEMER

*Attorneys for Plaintiff – Appellant Heights Apartments, LLC*

# CERTIFICATE OF COMPLIANCE

1.  This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because it contains 1,717 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f).

2.  This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word O365 in 14-point Times New Roman font.


**Signature** /s/ J. David Breemer**Dated:** November 17, 2023.
J. DAVID BREEMER

# CERTIFICATE OF SERVICE

I hereby certify that on November 17, 2023, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Eighth Circuit by using the appellate CM/ECF system.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

/s/ J. David Breemer
J. DAVID BREEMER

## CERTIFICATE THAT DOCUMENT IS VIRUS FREE

I hereby certify that on November 17, 2023, this document was scanned for viruses using Symantec and is virus free.

/s/ J. David Breemer
J. DAVID BREEMER